## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY

| | |
|---|---|
| **JANET TOOLE**<br>P.O. Box 3944<br>Panama City, Florida  32401<br><br>**BARBARA McGARITY**<br>13697 Wellman Rd.<br>Winchester, Kansas 66097<br><br>On Behalf of Themselves and<br>All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>**CORRECTIONS CORPORATION**<br>**OF AMERICA**<br>A Maryland Corporation<br>Registered Agent:<br>The Corporation Company, Inc.<br>515 South Kansas Ave.<br>Topeka, Kansas 66603<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No.: 09-CV-2273 EFM/DWB |

## COMPLAINT
### Collective Action Under the FLSA

**COME NOW** the Plaintiffs Janet Toole and Barbara McGarity on behalf of themselves, and all others similarly situated, by and through counsel, and hereby set forth this representative action for violation of the Fair Labor Standards Act ("FLSA") under 29 U.S.C. §216(b) as follows:

## PRELIMINARY STATEMENT

1.     Plaintiffs bring this action against Defendant Corrections Corporation of American ("CCA") for unpaid overtime compensation and related penalties and damages.  Defendant's

practice and policy is to willfully fail and refuse to properly pay compensation and overtime compensation due Plaintiffs, and all other similarly situated employees, in the position of Assistant Shift Supervisor (a/k/a Lieutenant).   In particular, Defendant has misclassified Assistant Shift Supervisors as exempt employees.   Defendant requires such employees to be present at work and perform work in excess of forty (40) hours in a work week and fails to pay any overtime compensation in violation of the FLSA, 29 U.S.C. §201 *et seq.*   Defendant also wrongfully subjects Assistant Shift Supervisors' salary pay to deductions in violation of the FLSA.

2.     Defendant's practices and policies are in direct violation of the FLSA, and Plaintiffs seek injunctive and declaratory relief; compensation for work performed, overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

3.     Plaintiff Janet Toole currently resides in Panama City, Florida.  Plaintiff Toole's Consent to Join pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

4.     Plaintiff Barbara McGarity currently resides at 13697 Wellman Road, Winchester, Kansas.  Plaintiff McGarity's Consent to Join pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit B.

5.     Defendant CCA is a Maryland corporation registered to do business and in good standing in the state of Kansas and operates a business at the Leavenworth Detention Center, 100 Highway Terrace, Leavenworth, Kansas.   Defendant CCA also employs Assistant Shift Supervisors at its sixty-five (65) facilities in nineteen (19) states including the District of

Columbia.  Defendant's principle place of business is 10 Burton Hills Boulevard, Nashville, Tennessee.

## JURISDICTION AND VENUE

6.    This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

7.    The United States District Court for the District of Kansas has personal jurisdiction because Defendant conducts business within this District.

8.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendant has offices, conducts business, and can be found in the District of Kansas, and the cause of action set forth herein has arisen and occurred in part in the District of Kansas.  Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within the state of Kansas.

9.    At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203.  At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including each of the putative representative action plaintiffs.  At all times relevant herein, Defendant has had gross operating revenues in excess of five hundred thousand dollars ($500,000.00).

## COUNT I – FLSA CLAIM

10.    Plaintiff Toole was employed by Defendant from on or about August 1996 through on or about November 2007 at Defendant's Bay Correctional facility in Panama City, Florida.  Plaintiff was employed as an Assistant Shift Supervisor (a/ka/a Lieutenant) at this facility from on or about April 2007 through on or about November 2007.

11.   Plaintiff McGarity was employed by Defendant from on or about 2001 through the present at Defendant's Leavenworth Detention Center in Leavenworth, Kansas.  Plaintiff was employed as an Assistant Shift Supervisor (a/ka/a Lieutenant) at this facility from on or about May 2007 through on or about May 2008.

12.   At each facility, Assistant Shift Supervisors report directly to Shift Supervisors, Captains, or Unit Managers.  In turn these persons report to Assistant Chiefs of Security who then report to Chiefs of Security or Chiefs of Unit Management.  In turn, these persons report to Assistant Wardens or Wardens.

13.   Defendant employs Assistant Shift Supervisors, like Plaintiffs, at its estimated sixty-five (65) corrections facilities located in nineteen (19) states and the District of Columbia. All such Assistant Shift Supervisors are hereby referred to as the "putative representative action plaintiffs."

14.   Defendant classifies its Assistant Shift Supervisors as exempt employees under the FLSA and does not pay them any overtime.

15.   All Assistant Shift Supervisor working for Defendant are similarly situated in that they all perform essentially the same job functions.

16.   The primary duty of the Assistant Shift Supervisor is to maintain the safety and security of inmates, fellow staff, and the surrounding community.

17.   All Assistant Shift Supervisors are similarly situated in that they are all subject to Defendant's compensation policies and plan that does not pay them any overtime compensation for hours worked in excess of forty (40) hours per work week.  This policy is in violation of the FLSA.

18.   All Assistant Shift Supervisors are similarly situated in that they are all subject to Defendant's compensation policies and plan which subjects them to deductions from their salary compensation.   Being subject to such deductions violates the "salary" requirement for exempt status under the FLSA.

19.   Plaintiffs bring this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by Defendant as Assistant Shift Supervisors within three (3) years from the commencement of this action who have not been compensated for services performed and/or compensated at one and one-half times the regular rate of pay for all services performed in excess of forty (40) hours per work week.

20.   This Complaint may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by the Representative Plaintiffs because their claims are similar to the claims of the putative representative action plaintiffs.

21.   The names and addresses of the putative representative action plaintiffs are available from Defendant's records.   To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

22.   The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty (40) hours in a work week.

23.   Plaintiffs and the putative representative action plaintiffs are not exempt from the FLSA's overtime pay provisions and Plaintiffs and the putative representative action plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

24.   At all relevant times, Defendant had a policy and practice of failing and refusing to pay Assistant Shift Supervisors for services performed and/or to pay to its Assistant Shift Supervisors at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty (40) hours in a work week.

25.   Defendant failed to compensate Plaintiffs and the putative representative action plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

26.   The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

27.   Plaintiffs, on behalf of themselves and all similarly situated employees of Defendant who compose the putative representative action plaintiffs, seek damages in the amount of all respective unpaid compensation and overtime compensation at a rate of one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

28.   Plaintiffs, on behalf of themselves and all similarly situated employees of Defendant who compose putative representative action plaintiffs, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed putative representative action plaintiffs, pray for relief as follows:

a.      Designation of this action as a collective action on behalf of the proposed putative representative action plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Join pursuant to U.S.C. §216(b);

b.      Designation of Plaintiffs Janet Toole and Barbara McGarity as Representative Plaintiffs of the putative representative action plaintiffs of Assistant Shift Supervisors;

c.      Designation of Stueve, Siegel, Hanson, LLP; Donelon, P.C.; and Brown & Associates, LLC as class counsel;

d.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

e.      An injunction against Defendant and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendant, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

f.      An award of damages for overtime compensation due Plaintiffs and the putative representative action plaintiffs, including liquidated damages, to be paid by Defendant;

g.      Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

      h.        Pre-Judgment and Post-Judgment interest, as provided by law; and

      i.        Any and all such other and further legal and equitable relief as this Court

deems necessary, just, and proper.

## Demand for Jury Trial

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to

which they and all members of the proposed representative action have a right to jury trial.

## Designated Place of Trial

COMES NOW the Plaintiffs by and through their counsel of record and hereby designate

the place of trial as follows: **Kansas City, Kansas**.

DATED: May 21, 2009

                                    Respectfully submitted,

**Stueve Siegel Hanson LLP**

       */s/ George A. Hanson*
George A. Hanson, KS #16805
Ashlea G. Schwarz, KS #23491
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816-714-7100
Facsimile: 816-714-7101
Email:  hanson@stuevesiegel.com
Email:  ashlea@stuevesiegel.com

**Brown & Associates, LLC**

       */s/ Jason Brown*
Jason Brown, KS #70700
204B North U.S. 169 Highway
P.O. Box 125
Trimble, Missouri 64492
Telephone: 816-505-4529
Facsimile: 816-357-2101
Email:  kclawyerbrown@yahoo.com

**Donelon, P.C.**

       */s/ Brendan J. Donelon*
Brendan J. Donelon, KS #17420
Daniel W. Craig, KS Dist. Ct. #78146
802 Broadway, 7th Floor
Kansas City, Missouri 64105
Telephone: 816-221-7100
Facsimile: 816-472-6805
Email:  brendan@donelonpc.com
Email:  dcraig@dancraigpc.com

**ATTORNEYS FOR PLAINTIFFS**