# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DEMETRIA L. McFADDEN, *et al.,*   )
                               )
                Plaintiffs,   )
                               )
v.                           )     Case No. 09-2273-EFM-KGG
                               )
CORRECTIONS CORPORATION   )
OF AMERICA,                 )
                               )
                 Defendant.   )
                               )

## MEMORANDUM AND ORDER

Before the Court is Defendant's "Motion for an Order Compelling Responses to Discovery Pursuant to Rule 37(a)."  (Doc. 133.)  For the reasons set forth below, Defendant's motion is **GRANTED**.

## FACTS

Plaintiffs have brought a collective action, pursuant to 29 U.S.C. § 216(b), against Corrections Corporation of America (herein "Defendant" or "CCA"), alleging violations of the Fair Labor Standards Act.  A total of 251 Plaintiffs have filed written consent forms to join the action as a party Plaintiff.

The parties had on-going disputes regarding discovery, beginning with the issue of whether or not Defendant would be allowed to serve individualized discovery directed to each Plaintiff.  (*See* Doc. 134, at 2; Doc. 140, at 1-2.)

According to Plaintiffs,

> Plaintiffs agreed that CCA could serve a limited number
> of interrogatories and requests for production in the form
> provided to Plaintiffs' counsel on July 7, 2011, on each
> opt-in plaintiff and that 'Plaintiffs' counsel [would]
> endeavor in good faith to produce responses to the
> written discovery on a rolling [sic] beginning thirty (30)
> days after the requests are served and ending no later
> than October 28, 2011.' (Doc. 110). The Parties further
> agreed the deadline may be extended by agreement of the
> Parties or by the Court for good cause shown. (*Id.*)
> Importantly, Plaintiffs did not agree that CCA's
> propounded interrogatories and requests were
> appropriate, were never asked to agree, and have never
> waived their right to object to this discovery.

(Doc. 140, at 2.) Based on language in the parties Joint Discovery Plan (Doc. 110,
at ¶ 2), Defendant contends, however, that "the Parties took the unprecedented step
of negotiating and agreeing upon the actual language of the discovery requests . . .
." (Doc. 134, at 3.) The parties had continuing disagreements – and
communication – regarding Plaintiffs' requests for additional time to produce
responses on a rolling basis. (*See id.*; *see also* Doc. 140, at 2-3.)

## DISCUSSION

### A.   **Procedural Issues**.

Plaintiff's first responsive arguments to Defendant's motion to compel are
procedural ones. Plaintiff contends that Defendant's motion is untimely pursuant
to D. Kan. Rule 37.1 and that Defendant failed to confer pursuant to D. Kan. Rule

37.2.  Defendant's failure to comply with either of these rules would require the Court to deny his motion.  There also appears to be a disagreement regarding signed verification pages from the individual Plaintiffs.  These procedural issues will be addressed in turn before the Court turns to the substantive disagreements.

   **1.     Timeliness**.

   Defendant served its discovery requests on Plaintiff on August 25, 2011. (Doc. 118.)  D. Kan. Rule 37.1 states that

> [a]ny motion to compel discovery . . . must be filed and served within 30 days of the default or service of the response, answer or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause.  Otherwise, the objection to the default, response, answer or objection is waived.

Plaintiff contends that Defendant "propounded individual discovery requests on 250 separate opt-in plaintiffs and then waited until November 30, 2011, to file one global motion to compel against *all* of them (except for 8)."  (Doc. 140, at 7.) Defendant concedes that "[o]ne hundred days have passed since [it] served the Discovery Requests, and it is time to move on."  (Doc. 134, at 6.)  As such, Plaintiff argues that Defendant "did not file timely motions to compel for the 58 opt-in plaintiffs who served discovery responses more than 30 days before CCA filed it's Motion to Compel . . . ."  (*Id*.)

   Defendant responds that these 58 opt-in Plaintiffs "***were not*** subject to [its]

3

motion to compel responses to interrogatories, [rather] they *were* subject to [its] motion to compel production of documents," which it contends was timely. (Doc. 142, at 5 (emphasis in original).) Defendant argues that the 58 Plaintiffs "all promised that they 'will produce any reasonably accessible, responsive, non-privileged documents, to the extent they exist, *at a mutually agreeable time and place*.'" (*Id.*, emphasis in original.) Defendant contends it "refrained from filing a motion to compel, and instead conferred with Plaintiffs in an attempt to identify a mutually-convenient time and place for production." (*Id.*; *see also* Doc. 134, at 19.) As such, the Court is satisfied that Defendant has established "good cause" for any delay in filing the present motion. Plaintiffs' timeliness objection is **overruled**.

> ### 2.   The duty to meet and confer.

Plaintiff contends that Defendant's motion should also be denied because Defendant failed to meet and confer pursuant to the requirements of D. Kan. Rule 37.2. Plaintiff states that "when some of these issues were randomly raised on telephone conferences related to other matters . . . , Plaintiffs requested time to investigate and respond to the issues . . . ." (Doc. 140, at 6.) The Court acknowledges Plaintiffs' concerns that Defendant may have failed to adequately address the substantive disagreements regarding the discovery responses. Plaintiff

4

does, however, admit that certain issues were "randomly raised" by Defendant, with Plaintiffs' only response being repeated requests for additional time to respond. This, given the number of times the parties admittedly communicated about discovery issues, sufficiently satisfies the Court that Defendant met its duty to confer prior to filing the present motion.

Further, Defendant has stated its belief that the parties had taken "the unprecedented step of negotiating and agreeing upon the actual language of the discovery requests . . . as part of their joint plan that every Plaintiff would be required to answer the written discovery." (Doc. 134, at 3.) Whether this agreement actually occurred is a matter of contention between the parties. Regardless, to the extent Defendant believed the parties had previously "negotiated and agreed upon the actual language of the discovery requests," Defendant would have justifiably believed the parties had sufficiently conferred about the language of requests before they were even served. As such, there would be no reason to further confer regarding Plaintiff's substantive objections to the verbiage used in the discovery. Plaintiff's objection regarding D. Kan. Rule 37.2 is, therefore, **overruled**.

### 3.    **Signed verification pages**.

Defendant argues that certain Plaintiffs have yet to provide verified (signed)

5

interrogatory responses.  (Doc. 134, at 8.)  Plaintiffs contend that Defendant agreed

the responses initially could be served unverified, but had requested additional

time from Defendants to compile the verification pages.  (Doc. 140, at 2-5.)

Plaintiff argues that Defendant is precluded from raising this issue because it failed

to confer with Plaintiffs on the topic prior to filing the present motion.  (*Id*., at 14-

16.)  Interestingly, however, Plaintiffs spend at least 4 pages of their responsive

brief discussing the numerous conversations the parties had about the deadline to

compile the verification pages.  As such, the Court finds Defendant fulfilled its

duty to meet and confer with Plaintiffs's counsel about the issue before filing the

present motion.  Plaintiffs are **ordered** to provide the executed verification pages

to Defendant within **21 (twenty-one) days** of this Order.  The Court will now

address the substantive aspects of Defendant's motion.

**B.**     **Discovery Standards**.

Fed.R.Civ.P. 26(b) states that "[p]arties may obtain discovery regarding any

matter, not privileged, that is relevant to the claim or defense of any party . . .

Relevant information need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence."  As such,

the requested information must be both nonprivileged and relevant to be

discoverable.

6

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence." ***Teichgraeber v. Memorial Union Corp. of Emporia State University***, 932 F.Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted). "Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991). Stated another way, "discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." ***Snowden By and Through Victor v. Connaught Lab.***, 137 F.R.D. 325, 341 (D.Kan.1991), appeal denied, 1991 WL 60514 (D.Kan. Mar. 29, 1991).

The scope of discovery is broad, but not unlimited. If the proponent has failed to specify how the information is relevant, the Court will not require the respondent to produce the evidence. ***Gheesling v. Chater***, 162 F.R.D. 649 (D. Kan. 1995). Even so, courts look "with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad." ***Gheesling v. Chater***, 162 F.R.D. 649, 650 (D. Kan. 1995). "Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the

party asserting the objection has the duty to support its objections." ***Sonnino v.***

***University of Kansas Hosp. Authority***, 221 F.R.D. 661, n.36 (D.Kan. 2004) (*citing*

***Hammond v. Lowe's Home Ctrs., Inc.***, 216 F.R.D. 666, 670 (D.Kan. 2003)).

Thus, "the objecting party must specifically show in its response to the motion to

compel, despite the broad and liberal construction afforded by the federal

discovery rules, how each request for production or interrogatory is objectionable."

***Sonnino***, 221 F.R.D. at 670-71 (internal citation omitted).

       **1.**    **General objection as to scope of discovery requests**.

      Plaintiffs objected to nine of Defendant's Interrogatories (Nos. 1, 4-10) "as

overly broad because they were not limited in time or scope." (Doc. 140, at 9.)

Plaintiff states that "[t]his litigation only spans a limited period of three years prior

[sic] the filing of each opt-in plaintiff's consent to join form." (*Id*.) Because

certain Plaintiffs have worked for Defendant "for numerous years," Plaintiffs

contend that only that information from the three-year time frame of this case is

relevant. (*Id*.)

      Defendant responds that the Plaintiffs whose work history with the company

extended beyond the three-year time frame of the lawsuit "do not claim that their

job duties changed over the years, making their objection illusory." (Doc. 142, at

13.) Defendant continues that even "if their duties *did* change over time, then

[Defendant] would be entitled to explore such changes, as they would help to illuminate the job duties as they existed during the statutory time." (*Id.* (emphasis in original).)

The Court finds that Defendant has provided an adequate justification for seeking information spanning the entirety of the individual Plaintiffs' employment, which meets the threshold for discovery relevance. Plaintiffs' objection regarding the scope of the discovery requests is, therefore, **overruled**.

> **2.** **"Salary basis" test (Interrogatories Nos. 1 and 2)**.

Defendant's Interrogatories Nos. 1 and 2 seek information regarding Plaintiffs' understanding as to how they would be compensated. (Doc. 134, at 9-10.) Plaintiff objected that the interrogatories sought irrelevant information. "The legal issue of whether Plaintiffs were properly paid on a salary basis will be determined by analyzing [Defendant's] payroll records and payroll policies – not based upon Plaintiff's personal understanding." (Doc. 140, at 11.)

Defendant concedes that while its "payroll records and policies are certainly relevant to the question of whether Plaintiffs were paid on a 'salary basis,'" Defendant "is still entitled to conduct discovery on Plaintiff's contentions regarding this issue." (Doc. 142, at 15.) The Court agrees. The information requested by these interrogatories meets the threshold for discovery relevance.

Thus, Defendant's motion is **GRANTED** in regard to Interrogatories Nos. 1 and 2.

### 3. Plaintiffs' applications for employment (Interrogatory No. 3).

Interrogatory No. 3 sought the identity of "every entity to whom [each Plaintiff] applied for employment with the past three years" in which such "written submission to the prospective employer (e.g. application, resume, cover letter) included any reference to [such Plaintiff's] employment" with Defendant. (Doc. 134, at 11.)  Plaintiffs' discovery responses objected that the information sought was irrelevant "to whether Defendant misclassified Plaintiff, and other similarly situated Lieutenants, such that Defendant owe Plaintiff unpaid wages." (*Id.*)

In their responsive brief, Plaintiffs for the first time raise two new objections: 1) Defendant "is not entitled to any document submitted by an opt-in Plaintiff to a potential employer simply because it mentions" Defendant; and 2) the request is "unduly harassing" because it could cause current employers to retaliate against an employee the potentially see as "litigious."  (Doc. 140, at 12.)  As to the first new objection, Plaintiff is putting the cart before the horse.  Defendants have merely asked for the identities of these prospective employers.  Defendants have yet to request relevant documents. Regardless of whether Defendant would be allowed to seek such documents, the Court finds that Defendant is entitled to

discover information relating to their identities – particularly to the extent these prospective employers were provided with information about Defendant.

Further, both of these new objections were waived when not included in Plaintiff's underlying discovery responses.

> Case law in this circuit and district is well-established that an objection not raised in the initial discovery response is deemed waived if subsequently raised for the first time in response to a motion to compel. *Anderson v. United Parcel Service, Inc*., No. 09-2562-KHV-DJW, 2010 WL 4822564, at n.11 (D.Kan. Nov. 22, 2010) (citing *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 621 (D.Kan.2005).

*Seed Research Equip. Solutions, LLC v. Gary W. Clem, Inc*., No. 09-1282-EFM-KGG, 2011 WL 1743232, at *1 (D.Kan. May 6, 2011).  As such, both of these two new objections were waived when they were not included in Plaintiff's underlying discovery responses and will not be considered by the Court in the context of Defendant's motion.

Defendant contends that Plaintiffs' exempt status "will be evaluated in part on the basis of whether their *duties* meet the requirements of applicable regulations."  (Doc. 134, at 11 (emphasis in original).)  Defendant continues:

> To the extent that the Unresponsive Plaintiffs have described their job duties . . . in documents (such as applications or resumes) submitted to third parties, CCA is entitled to obtain those written descriptions, which will be admissible with respect to a critical issue in this case –

11

> Plaintiffs' actual job duties, as described by Plaintiffs in
> their own words.

(*Id.*, at 11-12.)  The Court finds this information to meet the threshold of discovery relevance.  As such, Defendant's motion is **GRANTED** in regard to Interrogatory No. 3.

### 4.      Positions to which Plaintiffs were assigned (Interrogatory No. 4).

This interrogatory asked Plaintiffs to indicate whether, during their employment with Defendant, they were "assigned exclusively to a traditional 'Shift Lieutenant' position, exclusively to a 'specialized' function, or both."  (Doc. 134, at 12.)  Defendant then provided more-detailed definitions of "Shift Lieutenant"/Assistant Shift Supervisor and "specialized function."  (*See id.*)  Plaintiffs' discovery responses objected that the definition of "'traditional' Assistant Shift Supervisor" was vague and ambiguous, and misstated facts in evidence.  (*Id.*)  Plaintiff argues that they have "very different definitions of the term lieutenant" as compared to Defendant.  (Doc. 140, at 10.)

Regardless of how Plaintiffs would choose to define the term, the Court finds that Defendant has specifically and adequately indicated how it wants the term to be defined for purposes of Interrogatory No. 4.  Further, as Defendant indicates, the term is defined in the parties' "Stipulation and Joint Motion Regarding Conditional Certification."  (*See* Doc. 49, at 3.)   As such, Plaintiffs are

instructed to answer the discovery request employing the definition of the term included in the Stipulation.

**5.    Plaintiffs' work hours (Interrogatories Nos. 5, 7, and 9)**.

These interrogatories seek information regarding the individual Plaintiffs' "typical shift assignment schedule" (No. 5), and how many minutes before and after scheduled shifts Plaintiffs typically worked (Nos. 7 and 9, respectively). Plaintiff raised several objections, including that Defendant should have the relevant work records, that No. 5 is vague and confusing as to "scheduled," and that Nos. 7 and 9 require Plaintiffs to "render a legal conclusion about what constitutes 'work.'" (Doc. 134, at 14.)

Plaintiffs' responsive brief discusses only the objection that they do not understand what Defendant means by "scheduled shift" – whether Defendant is referring to "Plaintiffs' scheduled hours or the schedule Plaintiff [sic] typically worked." (Doc. 140, at 10.)  In the underlying discovery responses, this objection was raised only in response to Interrogatory No. 5.  Plaintiffs' responses to Interrogatories Nos. 7 and 9 make no reference to the term "scheduled shift." Thus, Plaintiff's brief fails to discuss any of the objections Plaintiffs actually made in response to Interrogatories Nos. 7 and 9.  Plaintiffs therefore waive any of the objections contained in their discovery responses to Interrogatories Nos. 7 and 9.

As to the use of the term "scheduled shift" in Interrogatory No. 5, the Court is satisfied that Interrogatory No. 5, as written, sufficiently explains what Defendant is seeking.  Plaintiff's objections are **waived** and/or **overruled** and Defendant's motion is **GRANTED** in regard to Interrogatories Nos. 5, 7, and 9.

**6.      Plaintiffs' job duties (Interrogatories Nos. 6, 8, and 10)**.

This grouping of interrogatories seeks information relating to Plaintiffs' work duties performed before, during, and after a scheduled shift.  (Doc. 134, at 15-16.)  In their responsive brief, Plaintiff's focus on their lack of an "understanding of [Defendant's] delineation between a 'typical shift' and a 'scheduled shift' . . . ."  The interrogatories, as written, are unambiguous on their face.  Plaintiff's objections are **overruled** and Defendant's motion is **GRANTED** in regard to Interrogatories Nos. 6, 8, and 10.

**7.      Potential bankruptcies (Interrogatory No. 11)**.

Interrogatory No. 11 seeks information regarding whether the individual Plaintiffs have filed for bankruptcy where the "proceedings were not completely resolved more than three years prior to the date on which you joined this action . . . ."  (Doc. 134, at 16.)  Plaintiff's discovery response objects that the information is a matter of public record and "irrelevant to whether Defendant misclassified Plaintiff, and other similarly situated Lieutenants, such that Defendants owe

14

Plaintiff unpaid wages." (*Id.*, at 16-17.) The public record objection is apparently abandoned in Plaintiffs' responsive brief. (*See* Doc. 140, at 13-14).

As for the relevance objection, Defendant contends that the information could be relevant to a particular Plaintiff's "right to participate in this action, given that the doctrine of judicial estoppel may preclude some of the Unresponsive Plaintiffs' claims, depending on what information those individuals provided – or, more importantly, failed to provide – to the bankruptcy courts . . . ." (Doc. 134, at 17.) Plaintiffs argue that Defendant did not plead judicial estoppel by bankruptcy misconduct as an affirmative defense. (Doc. 140, at 13-14.) Even though Defendant did not raise this affirmative defense, that alone does not make the information irrelevant. Further, should Defendant discover information that would lead it to believe such an affirmative defense is appropriate, Defendant could move to amend its Answer.[1] Plaintiffs' objections are **overruled** and Defendant's motion is **GRANTED** in regard to Interrogatory No. 11.

   **8.    Document requests**.

Defendants served three document requests on the Plaintiffs:  1) documents identified in response to interrogatories; 2) documents an individual Plaintiff may

---

   [1] In this Order, the Court is not stating an opinion as to whether or not it would grant any such motion to amend.

use to support his/her claims in this action; and 3) documents referring or relating

to an individual Plaintiff's employment with Defendant.  (Doc. 134, at 17-18.)

Plaintiffs raised several objections in response to the document requests.

(*See, id.*)  Plaintiffs' responsive brief, however, focuses only on the fact that they

have "produced all responsive documents received to date," none of the Plaintiffs

are withholding responsive documents, and that they are under no obligation to

supplement their discovery responses to state that no documents exist.  (Doc. 140,

at 17-18.)

> Opt-in Plaintiffs have agreed to make a diligent effort to
> locate any potentially relevant documents; however, they
> have indicated they will have to search through boxes
> and storage units – a task that takes time.  If documents
> are found, most opt-in plaintiffs do not have any option
> but to mail in their documents, which again takes time.
> Plaintiffs have been producing these documents as they
> are received.

(*Id.*, at 18.)

The Court is aware that responding to discovery takes time.  That is why the

Federal Rules of Civil Procedure allow a responding party 30 days to respond

and/or produce the requested documents.  (*See* Fed.R.Civ.P. 34.)  This time frame

can be extend by agreement of the parties or motion to the Court after the parties

confer.  (D. Kan. Rule 37.2.)  What the federal and local rules do <u>not</u> provide,

however, is for a party responding to discovery to take whatever amount of time he

16

or she deems necessary to "search through boxes and storage units" until all responsive documents have been located.

The opt-in Plaintiffs have chosen to become parties to this action. As such, they are required to act in accordance with all relevant rules and Orders of this Court. Defendant's motion is **GRANTED** in regard to its document requests. Plaintiffs shall diligently search for – and produce – all relevant, responsive, non-privileged documents within **21 days** of this Order. To the extent no additional responsive documents have been found, Plaintiffs are ordered to supplement their discovery responses to indicate the same. Further, to the extent documents are being withheld based on the attorney/client privilege or work product doctrine, a compliant privilege log shall be submitted within this deadline. To the extent no documents are being withheld on the basis of the privilege or doctrine, such an objection is premature, unnecessary, and improper at this time. While the Court is aware that situations arise in which responsive documents are discovered – and subsequently produced – during the pendency of a law suit, Plaintiffs are instructed to make a concerted effort to comply with the terms of this Order.

**IT IS THEREFORE ORDERED** that Defendant's "Motion for an Order Compelling Responses to Discovery Pursuant to Rule 37(a)" (Doc. 133) is

17

**GRANTED** as more fully set forth above.  Plaintiffs shall provide supplemental

discovery responses to Defendant as detailed above within **21 days** of the date of

this Order.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 21st day of February, 2012.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge

18