IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | | |
|---|---|---|
| **DEMETRIA L. McFADDEN**, on behalf of herself and all others similarly situated, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | ) | Case No.: 09-CV-2273-EFM-KGG |
| **CORRECTIONS CORPORATION OF AMERICA,** | )<br>)<br>)<br>) | |
| Defendant. | ) | |

**ORDER**

Before me is the Joint Motion for Approval of FLSA Collective Action Settlement and Dismissal with Prejudice. Upon consideration of the Motion, the Memorandum in Support, and the Settlement Agreement, the Motion for Approval is GRANTED. NOW THEREFORE, after due deliberation, this Court hereby ORDERS that:

A. All capitalized terms in this Order Determining Good Faith and Granting Approval of Settlement ("Approval Order") that are not otherwise defined have the same meaning as in the Settlement Agreement.

B. The Court has jurisdiction over the claims asserted in the Litigation and over the Parties to the Litigation.

C. This Approval Order will be binding on the Plaintiff, Opt-In Plaintiffs, and Defendant, as defined in the Settlement Agreement.

D. The Settlement Agreement is adequate, fair and reasonable, is in the best interests of the Plaintiff and Opt-In Plaintiffs, and should be approved. Accordingly, the Settlement

Agreement is approved in accordance with Section 216 of the Fair Labor Standards Act and shall be consummated in accordance with its terms.

E. Moreover, the formula for distribution of settlement payments proposed by Plaintiff and the Opt-In Plaintiffs is approved as a fair, equitable, and reasonable measure for distributing the settlement payment by Defendant to the Plaintiff and Opt-In Plaintiffs.

F. For purposes of the Settlement Agreement, this Court certifies Demetria McFadden as representative of the Opt-In Plaintiffs and authorizes her to act on behalf of the Opt-In Plaintiffs.

G. In exchange for their receipt of their individual Settlement Payments, each Opt-In Plaintiff shall be deemed to have released all state and federal wage and hour claims (including retaliation claims) that relate to their employment (or termination from employment) as an Assistant Shift Supervisor for Defendant during the time period ending on the date of this Approval Order. Thus, effective as of the Final Effective Date, the Releasing Persons shall be deemed to forever completely release and discharge Corrections Corporation of America, and release and hold harmless the Released Persons, from any and all wage and hour claims of any kind, including but not limited to claims under the FLSA, claims under any of the state laws identified in the Second Amended Complaint filed in the Litigation, and/or claims under any other federal, state or local wage and hour law, and including but not limited to claims for unpaid wages, claims for overtime compensation, claims of retaliation, or related claims for liquidated damages, interests, penalties, fees or costs, that any of the Releasing Persons has, had, might have or might have had against any of the Released Persons in connection with their employment by Defendant as Assistant Shift Supervisors, based on any act or omission that occurred prior to and including the date the Court enters this Approval Order, even if presently unknown and/or un-asserted (the "Released Claims").

H.  The Service Payment to the Plaintiff as set forth in the Settlement Agreement is hereby approved in accordance with the terms of the Settlement Agreement.

I.  Plaintiffs' Counsel's Attorneys' Fees and Costs in the amounts set forth in the Settlement Agreement are hereby approved.

J.  Without affecting the finality of this Order of Approval, this Court retains exclusive jurisdiction over the consummation, performance, administration, effectuation, and enforcement of this Order of Approval. In addition, without affecting the finality of this Order of Approval, this Court retains jurisdiction over Defendant, Plaintiff, and each Opt-In Plaintiff for the purpose of enabling any of them to apply to the Court for such further orders and directions as may be necessary or appropriate for the construction and implementation of the terms of the Settlement Agreement and this Order of Approval.

K. This Action is hereby dismissed in its entirety, on the merits, as against Defendant with Prejudice, and without costs to any party, except to the extent otherwise expressly provided in the Settlement Agreement. This Court intends this Order of Approval to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

SO ORDERED

Date: June 5, 2012, 2012					s/ Eric F. Melgren
							ERIC F. MELGREN
							UNITED STATES DISTRICT JUDGE